**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6766**

ZACKARY ALLEN BLANKENSHIP,

        Plaintiff – Appellant,

      v.

LIEUTENANT SETZER, Supervisor at the Jail; SERGEANT LAWS,
Supervisor at Jail; SERGEANT SMITH, Supervisor at Jail;
STAFF SERGEANT CARSWELL, Supervisor at the Jail,

        Defendants – Appellees,

      and

MAJOR BILLY BOWMAN, Administrator at the Jail,

        Defendant.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Frank D. Whitney,
Chief District Judge.  (1:15-cv-00126-FDW)

Submitted:  March 6, 2017        Decided:  March 16, 2017

Before GREGORY, Chief Judge, and TRAXLER and WYNN, Circuit
Judges.

Vacated and remanded by unpublished per curiam opinion.

David M. Shapiro, NORTHWESTERN PRITZKER SCHOOL OF LAW, Chicago,
Illinois; Ameri R. Klafeta, EIMER STAHL LLP, Chicago, Illinois,

for Appellant.  Sean F. Perrin, WOMBLE CARLYLE SANDRIDGE & RICE, LLP, Charlotte, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zackary Allen Blankenship appeals the district court's grant of summary judgment in favor of the Defendants in his civil action. Blankenship sued Sergeant Ginger Laws and Sergeant Josh Smith, officers at the Burke Catawba District Confinement Facility ("Burke-Catawba"), alleging that their refusal to permit him to carry his Bible on the transport van to Catawba County Jail ("County Jail") interfered with the practice of his religion.[1] Defendants moved for summary judgment prior to discovery, arguing that their actions were reasonably related to a legitimate governmental interest. With regard to Blankenship's First Amendment claim, the district court granted Defendants' motion, concluding that Defendants' actions survived rational basis review. The court also determined that Blankenship had not alleged a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5 (2012), and that, even if he had, Defendants' actions did not impose a substantial burden on Blankenship's religious exercise.[2] On appeal, Blankenship argues that the

---

[1] Blankenship's complaint contained other causes of action against other staff members, but he does not pursue those claims on appeal.

[2] The complaint was filed on a prison-issued form for actions filed under 42 U.S.C. § 1983 (2012). The form states that the complainant "MAY, BUT NEED NOT, GIVE LEGAL ARGUMENTS OR
(Continued)

3

district court erred in granting summary judgment in favor of Defendants with respect to his First Amendment and RLUIPA claims. We vacate the district court's judgment and remand for further proceedings.

"We review the district court's grant of summary judgment de novo, applying the same standard as the district court . . . [and] construing the evidence in the light most favorable to . . . the non-movant[s]." Walker v. Mod-U-Kraf Homes, LLC, 775 F.3d 202, 207 (4th Cir. 2014). Summary judgment is appropriate if "there is no genuine dispute as to material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We conclude that Blankenship adequately alleged a RLUIPA claim. Blankenship's pro se complaint must be afforded liberal interpretation. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). In his complaint, Blankenship averred that Defendants refused to allow him to take his Bible on the transport van on several trips to the County Jail, and that those actions violated his exercise of religion. These facts, along with the

---

CITE ANY CASES OR STATUTES." (J.A. 7). Blankenship's failure to cite RLUIPA in that complaint cannot defeat his claim; this is especially so because the facts supporting a RLUIPA claim are in the complaint, and Blankenship cited RLUIPA in his response to the Defendants' answer.

grievances he attached to the complaint, gave Defendants fair notice that Blankenship was alleging a RLUIPA claim. See Weidman v. Exxon Mobil Corp., 776 F.3d 214, 222 (4th Cir. 2015) (discussing fair notice).

Turning to Blankenship's substantive RLUIPA claim, see 42 U.S.C. § 2000cc-1(a), it is undisputed that Blankenship's activities qualify as religious exercise and that he sincerely holds his beliefs. See Holt v. Hobbs, 135 S. Ct. 853, 862 (2015) (describing plaintiff's initial burden). Thus, the burden shifts to Defendants to show that that the challenged policy "[is] in furtherance of a compelling governmental interest[] and . . . [is] the least restrictive means of furthering that compelling governmental interest." Id. at 863; see Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (discussing substantial burden). Therefore, the only issue on appeal is whether Defendants' actions substantially burdened Blankenship's exercise of religion and, if so, whether Defendants met their burden of proof.

Defendants did not permit Blankenship to bring his Bible with him during transport to County Jail. Although the drive from Burke-Catawba to County Jail is one hour in duration, Blankenship spent 3 to 4 days at County Jail during each of his three visits. Thus, he was deprived of his personal Bible for

5

10 days in total.[3]  Because Blankenship asserted that his religion requires him to read and study the Bible daily, deprivation of a Bible for longer than a period of 24 hours forced him to modify his behavior and violate his religious beliefs in order to attend his mandatory court dates.  See id. Viewing the record in the light most favorable to Blankenship, Defendants placed a substantial burden on the exercise of his religion.  Id.

Although Defendants' asserted security interest in banning nonlegal items on the transport van constitutes a compelling governmental interest, Jehovah v. Clarke, 798 F.3d 169, 178 (4th Cir. 2015), cert. denied, 136 S. Ct. 1829 (2016), we cannot conclude on the present record that the policy is the least restrictive means available to achieve that interest.

Blankenship proposed alternative means of protecting the health and safety of individuals during transport, including having guards search his Bible or placing nonlegal materials in the front of the van away from prisoners.  Given that Burke-Catawba allows legal papers on the transport van but does not allow any nonlegal papers, it is reasonable to infer that

---

[3] We recognize that Blankenship's own statements do not clearly establish whether he had access to a Bible while held at County Jail.  However, interpreting the facts in the light most favor to Blankenship, he did not have access to a Bible during his time at County Jail.

Burke-Catawba conducts at least a cursory search of any materials that prisoners bring onto the transport van. Defendants' evidence does not explain how the burden of searching a Bible would significantly add to the time or resources expended during the search process. Moreover, Defendants offered no evidence that Blankenship's remaining proposal was not viable, and Defendants did not "even assert that the [p]olicy was the least restrictive means of furthering the identified compelling interests." Couch v. Jabe, 679 F.3d 197, 204 (4th Cir. 2012). Defendants have therefore failed to offer sufficient proof that the policy banning nonlegal materials on the transport van was the least restrictive means available to ensure safety. Id.

Turning next to Blankenship's First Amendment claims, prisoners maintain their constitutional right to freedom of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Thus, "reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty." Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972). Consequently, states may not adopt "policies that impose a substantial burden on a prisoner's right to practice his religion." Wall v. Wade, 741 F.3d 492, 498 (4th Cir. 2014). "However, free exercise

7

restrictions that are reasonably adapted to achieving a legitimate penological objective are permissible." Id. at 499.

In determining whether such a policy passes constitutional muster, we apply the test developed in Turner v. Safley, 482 U.S. 78, 89-92 (1987) (setting forth four factors courts consider in analyzing First Amendment claim). See Wall, 741 F.3d at 499. Although we conclude that—on the present record—all but the first Turner factor weigh in favor of Blankenship, we recognize that further discovery may well demonstrate that there are no practical alternatives to the challenged policy and that Blankenship's proposed alternatives are not feasible. However, Defendants have not yet presented any such evidence.

Furthermore, we do not believe that the constitutional violation was de minimis. The "de minimis . . . threshold is intended to weed out only inconsequential actions," Hill v. Lappin, 630 F.3d 468, 472-73 (6th Cir. 2010) (internal quotation marks omitted). Given the importance of the Bible to Christianity and Blankenship's religious practice, the burden placed on him by Defendants' actions significantly impeded Blankenship's ability to practice his religion for several days at a time. See Sutton v. Rasheed, 323 F.3d 236, 257 (3d Cir. 2003). Therefore, Defendants' actions cannot be deemed inconsequential.

8

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>